UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QWEST CORPORATION, dba CENTURYLINK QC, a Colorado corporation,<br><br>                 Plaintiff,<br>   v.<br><br>GONZALEZ BORING & TUNNELING CO., INC., an Oregon Corporation; and SCARSELLA BROS., INC., a Washington Corporation,<br><br>                 Defendant. | CASE NO. 3:18-cv-05396-RBL<br><br>ORDER |

THIS MATTER is before the Court on Third-Party Defendant Utiliquest, LLC's Motion to Dismiss for Failure to State a Claim. Dkt. #38. Plaintiff CenturyLink QC sued Gonzalez Boring & Tunneling Co., Inc. for damaging its underground telephone conduits and fiber-optic cables during an excavation project that was carried out May 19, 2015. As part of its Answer to CenturyLink's Complaint, Gonzalez filed a Third-Party Complaint against UtiliQuest, alleging that Gonzalez "provided boring and/or related activities in reliance on location and related markings for utilities, pipelines, substructures" and other obstructions by Scarsella's agents. Dkt.

#13, at 8. It then goes on to allege that "to the extent that" UtiliQuest provided such locations and markings Gonzalez relied on them and requests contribution under RCW 4.22.040." *Id.*

UtiliQuest argues that the contribution claim in the Third-Party Complaint must be dismissed because it fails to plausibly allege that UtiliQuest actually provided any locating or marking services for the project. UtiliQuest provides several declarations to the effect that in fact Locating, Inc., provided locating and marking services and not UtiliQuest. UtiliQuest also argues that any claim against it is legally deficient because, under RCW 19.122.030, a locate request remains valid for only 45 days after the initial request. After that, an excavator is required to provide additional notice to the locator service. UtiliQuest asserts that, because the utilities were located and marked on March 9 but excavation did not commence until May 19, the 45 day limit had expired and Gonzalez could not have relied on UtiliQuest's locates or marks.

Gonzalez "does not dispute that Locating, Inc., marked CenturyLink's facilities" and asks for leave to amend its Third-Party Complaint to substitute Locating, Inc., for UtiliQuest as the proper third-party defendant. Dkt. #36, at 5. However, Gonzalez also contends that its Third-Party Complaint gives "more than adequate notice" to comply with Rule 8(a). In addition, Gonzalez argues that its compliance with RCW 19.122.030 is not dispositive of whether either UtiliQuest or Locating, Inc., are liable for contribution under RCW 4.22.040.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Here, Gonzalez concedes that it named the wrong third-party defendant and would like to supplement Locating, Inc., for UtiliQuest. Such an amendment is permissible under Rule 15(a)(2). However, UtiliQuest is correct that, aside from naming the wrong defendant, Gonzalez's Third-Party Complaint also does not meet the plausibility standard in other respects. Namely, Gonzalez's indeterminate phrasing that UtiliQuest is liable "to the extent that" it provided locating and marking services is overly speculative. *See Twombly*, 550 U.S. at 555. The allegations in a complaint need not include every possible detail, but they do need to assert with

certainty that the defendant did in fact do something that could result in liability. Gonzalez should also address this shortcoming in its amended complaint.

UtiliQuest's argument that amendment would be futile because Gonzalez did not comply with the timing requirements of RCW 19.122.030 is unpersuasive. As Gonzalez points out, it was sued for negligence, not violation of RCW 19.122.030. Dkt. #1, at 3-4. Consequently, whether or not Gonzalez complied with RCW 19.122.030 may be relevant to an argument concerning breach but is not the only method of proving it. *See* RCW 5.40.050 (breach of a duty imposed by statute, ordinance, or administrative rule shall be considered evidence of negligence and not negligence per se); *Damasco v. United States*, No. C17-641 RSM, 2018 WL 4237752, at *6 (W.D. Wash. Sept. 6, 2018). If Locating, Inc., negligently provided locates or marks that Gonzalez then relied on, Locating, Inc., could still be liable for contribution under RCW 4.22.040 even if Gonzalez also negligently waited too long after the locates and marks were initially placed. UtiliQuest's insistence that RCW 5.40.050 must impose a separate duty on Locating, Inc., for it to be liable is somewhat baffling. Whether or not Locating, Inc., owed a duty under the law of negligence is a separate question that is unrelated to RCW 19.122.030 and RCW 5.40.050, and if Locating, Inc., affirmatively provided locating and marking services for the project, UtiliQuest has provided no reason why it could not owe a duty.

//
//
//
//
//

For these reasons, UtiliQuest's Motion to Dismiss without Leave to Amend [Dkt. #33] is DENIED. Gonzalez shall file an amended complaint within 21 days of this ORDER.

IT IS SO ORDERED.

Dated this 7th day of March, 2019.

Ronald B. Leighton
United States District Judge