UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QWEST CORPORATION DBA CENTURYLINK QC, A COLORADO CORPORATION,<br><br>PLAINTIFF,<br>V.<br><br>GONZALES BORING & TUNNELING CO. INC., AN OREGON CORPORATION; AND SCARSELLA BROS. INC., A WASHINGTON CORPORATION,<br><br>Defendant. | CASE NO. 3:18-cv-05396-RBL<br><br>ORDER DENYING CENTURYLINK'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER is before the Court on Plaintiff CenturyLink's Motion for Partial Summary Judgment. The Washington State Department of Transportation hired Defendant Scarsella Bros. to bore under Harrison Avenue in Centralia, as part of a larger highway project. The specific job involved installing a 36" casing for a carrier culvert under Harrison. Scarsella sub-contracted Defendant Gonzales Boring & Tunneling to bore the hole. Gonzalez ultimately damaged CenturyLink's conduit in the area, and CenturyLink sued. The case and the Motion relate to the requirements of Washington's "call before you dig" statute, the Underground Utility Damage Prevention Act, Chapter 19.122 RCW.

The UUDPA requires excavators to notify a locating service, which in turn notifies those with underground utilities in the area, so that those utilities can be located and marked, so that damage to them can be avoided. Markings made in response to such a call are valid for 45 days. RCW 19.122.030(6)(ii)(c). A facility owner can waive the UUDPA's notification and marking provisions. RCW 19.122.080.

On March 5, 2015, Gonzalez called[1] the locator service to notify CenturyLink that it planned to bore under Harrison Ave. CenturyLink hired South Bay Excavating to locate and mark CenturyLink's utilities (conduit containing fiber optic cable) in the area. South Bay "potholed" the conduit[2], and its subcontractor, Locating Inc., marked it. Gonzales began excavating on March 26, but WSDOT suspended the work to negotiate a price adjustment to install a smaller, 20-inch casing for a carrier pipe, based in part on the presence of utilities in the area.

CenturyLink claims that South Bay's marking expired on April 23, 2015. Gonzales claims it "maintained" the marking during the delay. On May 8, WSDOT informed CenturyLink that Gonzalez's boring would resume on May 11. CenturyLink sent an internal email acknowledging this fact the same day:

> Scarsella's subcontractor Gonzales Boring will begin boring and jacking a 20" steel casing starting Monday morning May 11, 2015 for the pipe at the SE corner of Harrison Ave. Interchange next to Papa Pete's Pizza.

Larkin Decl. Dkt. # 63 at Ex. 10.

---

[1] Gonzalez claims that Scarsella also called on February 27.

[2] "Potholing" refers to the procedure of uncovering and physically locating an underground facility to determine its exact location. It apparently took South Bay two tries to pothole CenturyLink's conduit near the subject "DR8-12" project. Larkin Dec. Dkt. # 63 at Exs. 4-6.

South Bay asked CenturyLink whether Gonzalez would be excavating in the same area as another upcoming project, and CenturyLink's response email demonstrates that it was aware boring was about to resume, and where it would occur:

> [I]t is further west in front of Papa Pete's Pizza. We potholed the conduit/fiber [at Harrison Ave] already.

*Id*. Gonzalez argues that this email demonstrates that CenturyLink believed its facilities had already been physically located and marked, and that it did not require—that it waived its right to—any further notice of the proposed work.

Gonzalez resumed its work on May 12. A week later, it bored into and damaged CenturyLink's conduit, and the fiber optic and copper cables in it, under Harrison Ave. CenturyLink sued, claiming the damages exceed $500,000. It asserts a UUDPA violation claim, and negligence per se and common law negligence claims. It seeks actual and treble damages (under the UUDPA), claiming that Gonzalez's and Scarsella's violations were "wanton and malicious."

It now seeks summary judgment on each of its liability theories, leaving for trial the amount of its damages. It argues that because the initial markings expired, Gonzalez and Scarsella are, effectively, strictly liable for the damage as a matter of law.

Gonzalez and Scarsella argue that technical noncompliance with the UUDPA is not negligence per se, and that in any event, CenturyLink's admitted knowledge that its facilities had been recently located and marked, and that the boring work was about to resume, is a waiver of its right to be notified about the work a second time. This argument is based on CenturyLink's express acknowledgment (in the May email) that the work would resume, and its assurance that its conduit in the area had already been "potholed." Neither party substantially addresses the

element of causation, but there is no evidence that CenturyLink would have re-potholed and re-marked its conduit a second time accurately.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. 242, 248 (1986).

Viewed in the light most favorable to the non-moving defendants, the evidence would permit a reasonable jury to find that CenturyLink waived its right to a second notification under the UUDPA. First, it could find that CenturyLink took no further action because it did not want to insist upon receiving the official notification through the locator service, and that its conduct unequivocally signaled an intent to waive the right to be notified via the locator service. CenturyLink does not explain why it would tell its contractor "we potholed the conduit/fiber already" if it did not mean "we don't need to do it again."

Second, despite CenturyLink's argument to the contrary, it is reasonable to associate "potholing" and "marking." CenturyLink hired South Bay to both pothole and mark CenturyLink's facilities. CenturyLink's representatives often use only the word "potholing" when discussing South Bay's obligations in other emails. A jury could find CenturyLink's informing South Bay that it had "potholed the conduit/fiber already" and taking no further action despite the knowledge that boring was about to re-commence, was an acknowledgement that the conduit had been located and marked and there was no need to do it again. Furthermore, CenturyLink's UUDPA claim implicitly concedes that the "old" markings were incorrect. There is no claim, evidence, or inference that the new markings would have been different or more accurate.

And this is true whether or not Defendants understood or believed that CenturyLink had waived its right to notice when they started boring again. A waiver is the intentional relinquishment of a known right. It does not require the other party's reliance or knowledge to be effective. Whether CenturyLink waived its right is a question of fact.

Nor is CenturyLink entitled to summary judgment on its UUDPA violation/negligence per se claim. The UUDPA requires excavators to "determine the precise location of marked

facilities." RCW 19.122.070(2)(a). This provision applies only to *marked* facilities. For a facility to be "marked," the markings must be accurate. *See Titan Earthwork, LLC v. City of Federal Way*, 200 Wn. App. 746, 754 (2017). The *Titan Earthwork* Court addressed whether the excavator failed to "determine the precise location" of the facility only after it determined that the damaged facility was *accurately marked*. *Id.*

If a facility owner does not accurately mark the facility's location, then that facility is yet to be marked, and the excavator's UUDPA obligation to determine the location does not apply. Scarsella and Gonzalez argue (and for summary judgment purposes, demonstrate) that South Bay did not accurately mark CenturyLink's facility, even on the second try. Thus, unlike *Titan Earthwork*, there remains a question of fact regarding whether CenturyLink's facility was "marked" at all.

CenturyLink has not shown that Defendants violated the UUDPA as a matter of law, and it is not entitled to summary judgment on those claims that depend on such a showing.

Finally, CenturyLink is not entitled to summary judgment because it has not shown that any UUDPA violation was the cause of any damage. Even if a UUDPA violation was negligence per se, proximate cause is still "an issue of fact to be resolved by the trier of the facts unless it is so apparent that the court can rule as a matter of law that reasonable minds could not reasonably differ as to the proximate cause." *Kness v. Truck Trailer Equip. Co.*, 81 Wash. 2d 251, 258 (1972) (citations omitted).

CenturyLink argues that because Defendants' "failure to mark the facilities is a superseding cause," there are no issues of fact regarding proximate cause. The Court does not agree that a failure to re-notify CenturyLink through the locator service is a superseding cause. CenturyLink already knew that Gonzalez would begin boring again on May 11, and a jury could

find that it was not inclined to re-pothole and/or re-mark the area based on its May 8 email. It is not at all clear that a new 811 call would have avoided the damage. The proximate cause of the damage is an issue for the trier of fact.

CenturyLink's Motion for Partial Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated this 29th day of July, 2019.

Ronald B. Leighton
United States District Judge